IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| K SATELLITE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-664C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

CONSENT MOTION TO STAY PROCEEDINGS

Defendant, the United States, respectfully requests that this Court stay all further proceedings, including the filing of a response to K Satellite, Inc.'s ("K Satellite") complaint, until the Board of Contract Appeals, General Services Administration (the "Board"), determines whether it has jurisdiction to hear K Satellite's filed appeals involving identical claims that are at issue in this matter. Defendant has contacted the undersigned counsel for K Satellite who has consented to this motion to stay proceedings.

Under the Election Doctrine, when a plaintiff elects to challenge a contracting officer's decision at an agency board of contract appeals, the plaintiff is precluded from pursuing the same claim in this Court, if the agency board has jurisdiction over the appeal. See National Neighbors, Inc. v. United States, 839

F.2d 1539, 1542-3 (Fed. Cir. 1988). In other words, whether an appeal to an agency board constitutes a binding election is dependent upon the jurisdiction of the board. Id. This Court will not apply the Election Doctrine to bar a suit until it is certain that an appeal before an agency board is such a binding election. States Roofing Corp. v. United States, 70 Fed. Cl. 299, 301 (Ct. Cl. 2006).

In this case, K Satellite has filed two appeals with the Board , one against the Department of Agriculture, and the other against the Department of Homeland Security, which are essentially identical in all material aspects to the filed complaint because together they involve the same parties and contain the same claims and allegations. The appeals are currently pending on the Board's docket as CBCA No. 910 and 911. In CBCA No. 910, initial written discovery has been sent by both parties. In CBCA No. 911, the Department of Homeland Security has filed a motion to dismiss the complaint for failure to state a claim. The Board, however, has not yet ruled upon the motion to dismiss. Furthermore, the Board has not made jurisdictional determinations in either appeals, and therefore, a dismissal of the complaint in this Court pursuant to the Election Doctrine is premature. See National Neighbors, 839 F.2d at 1543.

CONCLUSION

For these reasons, we respectfully request the Court to grant our consent motion to stay proceedings in this matter until such time as the Board determines whether it has jurisdiction to hear CBCA No. 910 and 911 or the appeals are otherwise resolved.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/Jane C. Dempsey
JANE C. DEMPSEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 353-0897
Fax: (202) 307-0972

January 14, 2008 Counsel for Defendant

CERTIFICATE OF FILING

I hereby certify that on this14th day of January, 2008, a copy of the foregoing DEFENDANT'S CONSENT MOTION TO STAY PROCEEDINGS was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Jane C. Dempsey